**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 15-CV-24363-WILLIAMS/SIMONTON

| | |
|---|---|
| MARJAM SUPPLY COMPANY OF FLORIDA, LLC and MARJAM SUPPLY COMPANY, | ) ) ) ) |
| | ) JURY TRIAL DEMANDED |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PLITEQ, INC. and PAUL DOWNEY, | ) ) ) |
| Defendants, | ) ) |
| PLITEQ, INC. and PAUL DOWNEY, | ) ) ) |
| Counter-Plaintiffs, | ) ) |
| v. | ) ) |
| MARJAM SUPPLY COMPANY OF FLORIDA, LLC; MARJAM SUPPLY COMPANY; and JIM METCALF, | ) ) ) ) |
| Counter-Defendants. | ) ) |

**STIPULATION AND DISCOVERY CONFIDENTIALITY ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and in the interest

of ensuring that matters raised by this proceeding are open to the public, and at the same

time ensuring that confidential information submitted by the Parties is not improperly

disclosed, the following Stipulation and Discovery Confidentiality Order ("**Discovery**

**Confidentiality Order**") shall govern certain pretrial discovery and procedures:

1.  This Order shall govern all information, documents, depositions, and other products of discovery, or any portion thereof, produced by plaintiffs, defendants, counter-plaintiffs, or counter-defendants (collectively, the "**Parties**"), all information derived therefrom, and all copies, excerpts, or summaries thereof, including, but not limited to, documents and information produced pursuant to requests under Rule 34 of the Federal Rules of Civil Procedure, answers to requests for admissions, answers to interrogatories, documents subpoenaed in connection with depositions, and deposition transcripts (collectively, "**Discovery Material**").

2.  Such Discovery Material and all copies thereof shall be used solely for the purpose of this litigation and not for any other purpose.  Control and distribution of all Discovery Material covered by this Discovery Confidentiality Order shall be the responsibility of the attorneys of record and any person having possession, custody, or control of Discovery Material pursuant to this Discovery Confidentiality Order.  All Discovery Material, and copies thereof, if requested, shall, at the option of the receiving party, either be returned to the producing party or destroyed within ninety (90) days of the final determination of this litigation, including any and all appeals.  A receiving party electing to destroy such Discovery Material in its possession at the request of the producing party shall certify in writing that the remaining copies of such documents have been destroyed.  The provisions of this Discovery Confidentiality Order, insofar as they restrict the communication and use of the Discovery Material produced hereunder or information obtained from such Discovery Material shall, without written permission of the producing party or further order of the Court, continue to be binding after the conclusion of this action.  Outside Counsel of each party may, however, retain all

pleadings, briefs, memoranda, motions, and other documents containing their work product that refer to or incorporate discovery material.  For the purposes of this Discovery Confidentiality Order, "**Outside Counsel**" is defined as any attorney at the Parties' outside law firms; regular employees of the Parties or regular employees of competitors of the Parties may not serve as Outside Counsel.

3.  The Parties may designate as "**CONFIDENTIAL**" or "**CONFIDENTIAL INFORMATION SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER**" or other similar designation (collectively, "**CONFIDENTIAL INFORMATION**"), Discovery Material that contains trade secrets, competitively sensitive, technical, marketing, financial, sales or other information of a proprietary, personal, private or confidential personal or business nature that the public disclosure and use of, in the good faith judgment of the party making disclosure, would be so detrimental to that party as to normally warrant a protective order from the Court prohibiting such public disclosure and use.

4.  The Parties may also designate as appropriate documents and information as "**ATTORNEY'S EYES ONLY**" or "**ATTORNEY'S EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER**" (collectively, "**ATTORNEY'S EYES ONLY**").  Documents and information, or any portion thereof, are entitled to "**ATTORNEY'S EYES ONLY**" protection if the designating party believes, in good faith, that the documents contain highly sensitive or confidential business, competitive, or proprietary or personal information or information that would or may be materially harmful or prejudicial to an individual or to the business or competitive position of the

3

designating party if disclosed.  The Parties may designate deposition testimony as

**ATTORNEY'S EYES ONLY** should the necessity arise.

5.  Copies of the Discovery Material shall be designated as **CONFIDENTIAL**

**INFORMATION** or **ATTORNEY'S EYES ONLY** prior to production with the

appropriate corresponding legend affixed thereon.  Parties need not stamp original

Discovery Material.  In the case of depositions or other transcribed testimony,

designations of **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY**

shall be made by the producing party at the time the testimony is given, and the court

reporter shall affix the above legend on the upper right corner of each page of testimony

so designated, affix the above legend on the front cover and title page of the transcript,

and bind those portions of the transcript separately.  In the event that the producing party

inadvertently fails to designate Discovery Material as **CONFIDENTIAL**

**INFORMATION** or **ATTORNEY'S EYES ONLY**, such producing party may make

such a designation subsequently by notifying the other Parties in writing within ten (10)

days of production with respect to material produced or within fifteen (15) days of receipt

of a deposition transcript, as appropriate.  After receipt of such notification, the parties to

whom production has been made will stamp and treat that Discovery Material as

**CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY** as so notified,

subject to the right to proceed in accordance with Paragraph 13 below.  Inadvertent

disclosure, prior to the receipt of such notice, of Discovery Material that otherwise is or

would be designated by a party to be **CONFIDENTIAL INFORMATION** or

**ATTORNEY'S EYES ONLY** to persons not authorized to receive such designated

Discovery Material , shall not be deemed a waiver, in whole or in part, of a party's claim

4

of confidentiality, nor shall such inadvertent disclosure be deemed a violation of this

Discovery Confidentiality Order; provided, however, that the party making such

inadvertent disclosure shall notify the other party in writing of all such persons to whom

such inadvertent disclosure was made who would not have been authorized to receive

such **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY**

**INFORMATION** if such designation had been made prior to disclosure and such

unauthorized individuals promptly shall return the material so designated without

retaining any copies.

6.   Discovery Material designated as **CONFIDENTIAL INFORMATION** shall

be subject to the following restrictions:

(a)  Such **CONFIDENTIAL INFORMATION** shall not be disclosed, given,

shown, made available, discussed, or otherwise communicated in any way to anyone

other than the producing party, except:

(i)  the Outside Counsel for the Parties in this litigation and the regular

employees of such attorneys;

(ii)  any outside experts or consultants, engaged or employed by Outside

Counsel for the Parties to assist such Outside Counsel in this action, such as statisticians,

economists, and other experts or consultants, other than regular employees of the Parties

or regular employees of competitors of the Parties, provided that such individuals execute

a copy of the Agreement to be Bound by Stipulation, attached hereto as Exhibit A;

(iii)  the secretarial, paralegal, clerical, duplicating and data processing

personnel of the foregoing Outside Counsel and outside experts or consultants, other than

regular employees of the Parties or regular employees of competitors of the Parties;

(iv)  vendors employed or retained by or for the Parties or their Outside Counsel to assist in preparing for pretrial discovery, trial and/or hearings, including, but not limited to court reporters, litigation support personnel, outside photocopying services, document storage, imaging, data processing or graphic production services, jury consultants and other individuals or companies engaged to prepare demonstrative and audiovisual aids for use in courtroom or deposition sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, other than regular employees of the Parties or regular employees of competitors of the Parties; provided that such individuals execute a copy of the Agreement to be Bound by Stipulation, attached hereto as Exhibit A;

(v)  this Court, any appellate court, the respective courts' personnel, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

(vi)  any deponent may be shown or examined on any Discovery Materials designated **CONFIDENTIAL INFORMATION** if it appears that the deponent authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(vii)  witnesses in this action who are directors, officers, members, employees or former employees of the party that designated the Discovery Material as **CONFIDENTIAL INFORMATION**, but only at a deposition, hearing or trial or during the course of preparation for a deposition, hearing or trial; and

(viii)  the Parties.  In the case of Parties that are corporations or other business entities, "party" shall mean executives and/or employees of the Parties, who the Parties and Outside Counsel for the Parties, exercising their good faith discretion, designate to provide assistance in the conduct and resolution of this action provided that such individuals execute a copy of the Agreement to be Bound by Stipulation, attached hereto as Exhibit A.

7.  Discovery Material designated as **ATTORNEY'S EYES ONLY** shall be subject to the following restrictions:

(a)  Such Discovery Material designated as **ATTORNEY'S EYES ONLY** shall not be disclosed, given, shown, made available, discussed, or otherwise communicated in any way to anyone other than the producing party, except:

(i)  the Outside Counsel for the Parties in this litigation and the regular employees of such Outside Counsel;

(ii)  Any outside experts or consultants engaged or employed by Outside Counsel for the Parties to assist such Outside Counsel in this action, such as statisticians, economists, and other experts or consultants, other than regular employees of the Parties or regular employees of competitors of the Parties, provided that such individuals execute a copy of the Agreement to be Bound by Stipulation, attached hereto as Exhibit A;

(iii)  the secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing Outside Counsel and outside experts or consultants, other than regular employees of the Parties or regular employees of competitors of the Parties;

(iv)  vendors employed or retained by or for the Parties or their Outside Counsel to assist in preparing for pretrial discovery, trial and/or hearings, including, but

not limited to court reporters, litigation support personnel, outside photocopying services, document storage, imaging, data processing or graphic production services, jury consultants and other individuals or companies engaged to prepare demonstrative and audiovisual aids for use in courtroom or deposition sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, other than regular employees of the Parties or regular employees of competitors of the Parties; provided that such individuals execute a copy of the Agreement to be Bound by Stipulation, attached hereto as Exhibit A;

(v)  any deponent may be shown or examined on any Discovery Material designated **ATTORNEY'S EYES ONLY** if it appears that the deponent authored or received a copy of it, is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure; and

(vi)  this Court, any appellate court, the respective court's personnel, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation.

8.  Discovery Material designated **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY** shall be used only by individuals permitted access to it under Paragraphs 6(a) and 7(a), respectively.  Discovery Material designated **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY**, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) Outside Counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

9.  If counsel for a party receiving Discovery Material designated as **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY** hereunder objects to such designation of any or all of such items, or if a receiving party desires to disclose Discovery Material designated as **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY** to any persons other than those referred to and under the conditions set forth in paragraphs 6(a) and 7(a) above (the "**Additional Disclosee**"), the following procedure shall apply:

(a)    Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, or, as the case may be, the need for disclosure to such Additional Disclosee, which shall describe with particularity the documents or information in question, shall identify the Additional Disclosee(s) by name and title, and shall state the grounds for objection or need for disclosure, as applicable. Counsel for the designating party or third party shall respond in writing to such objection or need for disclosure within ten (10) days of receipt of the objection to the designation or need for additional disclosure, as applicable, and shall state with particularity the grounds for asserting that the Discovery Material has been and must remain designated as **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY,** or cannot be disclosed to the proposed Additional Disclosee.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  Likewise, if no response is made to the receiving party's proposed disclosure to the Additional Disclosee, the receiving party will be permitted to make the requested disclosure to the Additional Disclosee.  If the designating party makes a timely response to such objection asserting the propriety of the designation, or, as the case may be, makes a timely response to the

9

receiving party's proposed disclosure to an Additional Disclosee, counsel for the Parties shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY** designation of a document or item of information cannot be resolved by agreement, the producing party shall, within ten (10) business days of counsel having conferred in their effort to resolve the dispute, present the dispute to the Court by motion in accordance with Local Civil Rule 7.1 and 26.1(g). The Discovery Material that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. Counsel for the producing party shall have the burden of establishing good cause for the information to remain **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY** as applicable. Counsel for the party seeking disclosure to an Additional Disclosee not otherwise permitted under paragraphs 6(a) or 7(a) of this Discovery Confidentiality Order shall present the dispute to the Court in the manner outlined in this Paragraph 9(b) and also shall have the burden, pursuant to F.R.Civ.P. 26(c)(1), of establishing good cause for disclosure to be made to such Additional Disclosee. If counsel for the producing party (or party seeking to make disclosure to an Additional Disclosee) does not timely file an application as required by this provision, then, in such event, the subject information shall remain as originally designated or shall not be disclosed to the Additional Disclosee, as applicable.

10. When Discovery Material designated as **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY** is used in connection with any motion or pretrial hearing, or otherwise submitted to the Court, a party seeking the use of such Discovery Material may seek to file same under seal in accordance with Local Civil Rule 5.4.

11. When Discovery Material designated as **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY** is, or will likely be presented, quoted, or referenced in any deposition, pretrial hearing, or other pretrial proceeding, attorneys for any party shall have the right to make arrangements, or, when appropriate, request the Court to implement procedures, to ensure that only persons who would be permitted access to said information under this Discovery Confidentiality Order are present during the presentation, quotation, or reference of such material.  When Discovery Material designated as **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY** is disclosed in the course of a deposition, pretrial hearing, or other pretrial proceeding, only the deponent and those persons designated in the applicable paragraph 6(a) and/or 7(a) may be present during that portion of the testimony.

12. A receiving party's acceptance of Discovery Material designated **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY** pursuant to this Discovery Confidentiality Order shall not constitute an admission, or create an inference, that the material is in fact confidential within the Federal Rules of Civil Procedure.  In the event counsel for the party receiving confidential material objects to the designation of any or all such items as **CONFIDENTIAL** or **ATTORNEY'S EYES ONLY**, the procedure set forth in paragraph 9 above for resolving the dispute shall be followed.

13. Any party or person in possession of Discovery Material designated as **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY** who receives a subpoena or other process from any person or entity who is not a party to this Order, which subpoena seeks production or other disclosure of such **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY** designated Discovery Material,

11

shall promptly and in any case within three (3) business days give written notice by overnight delivery, facsimile, or email to counsel for the producing party, identifying the materials sought and enclosing a copy of the subpoena or other process.  The party or person receiving the subpoena shall also inform the person seeking the **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY** designated information that such information is subject to this Discovery Confidentiality Order.  No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process.  Nothing contained within this paragraph shall obligate any party or person who receives a subpoena or other process seeking the production or disclosure of information designated as **CONFIDENTIAL INFORMATION** or **ATTORNEY'S EYES ONLY** to resist such production or disclosure, or be construed as encouraging any party or person not to comply with any court order, subpoena, or other process.

14.  Nothing in this Discovery Confidentiality Order shall be deemed to limit or waive any right of any party to resist, object to, or compel discovery with respect to Discovery Material which may be claimed to be privileged or otherwise protected or protectable under Rule 26(b) or (c) of the Federal Rules of Civil Procedure, including an order that such material shall not be produced at all.  Nothing in this Discovery Confidentiality Order shall be construed as preventing any party from making application to the Court for revision of the terms of this Discovery Confidentiality Order.

15.  This Discovery Confidentiality Order does not prohibit the use or disclosure of information that is in the public domain or which is or was lawfully obtained by a party

from a source other than the opposing party, provided that such source can lawfully

disclose such information, even if such information is additionally contained in materials

provided by the opposing party and designated as **CONFIDENTIAL INFORMATION**

or **ATTORNEY'S EYES ONLY** under this Discovery Confidentiality Order.  However,

the materials provided by the opposing party and marked according to this Discovery

Confidentiality Order shall be maintained as confidential, although the particular

information contained therein which was independently obtained from such other source

may be disclosed or used.  The restrictions on use and disclosure set forth herein shall not

apply to information that, prior to being obtained pursuant to pretrial discovery in this

action, either was in the possession or knowledge of the party obtaining such information

as a result of the disclosure of such information by a source which could lawfully

disclose such information, or was demonstrably public knowledge.  The restrictions on

use and disclosure set forth herein shall not apply to information that, after being

obtained, becomes demonstrably public knowledge other than by the act or omission of

the party obtaining such information.  This Discovery Confidentiality Order shall in no

way constitute a waiver by any person of any objections to or right to contest any

assertion or claim that particular documents or information constitute confidential or

privileged material; provided, however, that all information and documents produced and

stamped with the protective legends provided herein shall be given the protections

required by this Discovery Confidentiality Order unless and until otherwise determined

by the Court.

        16.  The protection to be afforded Discovery Material hereunder at trial shall be

determined by agreement of the Parties, or by order of the Court, at a future date.

17.  The duties to protect Discovery Material set forth in this Order apply only to Discovery Material that has been stamped with the legends set forth in this Order.

18.  In the event that a producing party inadvertently produces a document or information believed in good faith to contain information that is protected from discovery under Rule 26 of the Federal Rules of Civil Procedure by attorney-client privilege, attorney work product immunity, or any other applicable privilege, such producing party shall notify the receiving party in writing as soon as the inadvertent production is discovered, and the receiving party's treatment of such material shall be in accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.  As such, following receipt of such notice, the receiving Parties shall return all originals and copies of the document to the producing party, subject to the right of any party to seek an order ruling that the document is not protected by the attorney-client privilege, work product doctrine or any other applicable privilege.

19.  Within ninety (90) days of the final conclusion of this litigation, including appeal, each party or other individual subject to the terms hereof shall be under an obligation to assemble and, at the option of the receiving party, to either destroy, certifying to such destruction in writing to the producing party, or to return to the originating source, all originals and unmarked copies of documents and things containing **CONFIDENTIAL INFORMATION** or designated **ATTORNEY'S EYES ONLY** and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing **CONFIDENTIAL INFORMATION**; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached

thereto for archival purposes, subject to the provisions of this Discovery Confidentiality

Order. To the extent a party requests the return of Confidential material from the Court

after the final conclusion of the litigation, including the exhaustion of all appeals

therefrom and all related proceedings, the party shall file a motion seeking such relief.


MARJAM SUPPLY COMPANY OF
FLORIDA, LLC, MARJAM SUPPLY
COMPANY and JAMES METCALF,

By their attorneys,

 /s/ Lawrence J. Sharon
  Lawrence J. Sharon, Esq.

PLITEQ, INC. and
PAUL DOWNEY

By their attorneys,

 /s/  Phillip J. Sheehe
   Phillip J. Sheehe, Esq.


SO ORDERED:

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE


Dated:  April 7, 2017

## EXHIBIT A

## AGREEMENT TO BE BOUND BY STIPULATION
## AND PROTECTIVE ORDER


The undersigned, _____, hereby acknowledges

that he/she has read the Discovery Confidentiality Order governing discovery materials

entered in *Marjam Supply Company of Florida, LLC and Marjam Supply Company v.*

*Pliteq, Inc and Paul Downey*, Civil Action No. 15-cv-24363 (S.D. Fl.), on

_____, and that he/she understands and agrees to be bound

by all provisions of the aforesaid Order.


Signed:_____

Dated:_____