UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cv-24363-WILLIAMS/BECERRA

MARJAM SUPPLY COMPANY OF
FLORIDA, LLC and MARJAM
SUPPLY COMPANY,

    Plaintiffs/Counter-Defendants,

v.

PLITEQ, INC. and PAUL DOWNEY,

    Defendants/Counter-Plaintiffs.
_____/

### REPORT AND RECOMMENDATION ON MOTION TO APPROVE SUPERSEDEAS BOND AND STAY EXECUTION OF FINAL JUDGMENT PENDING APPEAL

**THIS MATTER** is before the Court on Plaintiffs/Counter-Defendants Marjam Supply Company of Florida, LLC and Marjam Supply Company's (collectively "Marjam") Motion to Approve Supersedeas Bond and to Stay Execution of Final Judgment Pending Appeal (the "Motion"), ECF No. [384]. Defendants/Counter-Plaintiffs Pliteq, Inc. and Paul Downey (collectively "Pliteq") have not filed any objections thereto, and the time to do so has passed. After due consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Marjam's Motion, ECF No. [384], be **GRANTED**. Marjam's supersedeas bond in the amount of $1,638,054.98 should be approved and the execution of the Court's Final Judgment for Attorneys' Fees and Costs, ECF No. [383], be stayed pending appeal.

## I.     PROCEDURAL HISTORY

On March 5, 2021, the undersigned issued a Report and Recommendation, recommending that Pliteq be awarded a total of $1,452,430.22 in attorneys' fees and $36,710.67 in costs. ECF No. [374]. The District Court adopted the undersigned's recommendation, ECF No. [381], and entered Final Judgement for Attorneys' Fees and Costs in favor of Pliteq, ECF No. [383]. Thereafter, Marjam filed the instant Motion requesting approval of its supersedeas bond and a stay in the execution of Final Judgment, ECF No. [384], pending its appeal to the Eleventh Circuit, ECF No. [385]. Pliteq has not filed any objections to Marjam's Motion, and, given that the time period for responding the Motion has passed, the matter is ripe for review.[1]

## II.    DISCUSSION

A judgment of a United States District Court becomes enforceable thirty (30) days after the judgment is entered. *See* Fed. R. Civ. P. 62(a). Rule 62(b) provides, however, that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). This means that an appellant may obtain a stay of judgment pending appeal as a matter of right upon posting a supersedeas bond. Local Rule 62.1 provides that "[a] supersedeas bond staying execution of a money judgment shall be in the amount of 110% of the judgment, to provide security for interest, costs, and any award of damages for delay."

The purpose of a supersedeas bond is to protect the appellees from a loss resulting from the stay of execution. *See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979); *see also Prudential Ins. Co. v. Boyd*, 781 F.2d 1494, 1498

---

[1] Pursuant to Local Rule 7.1(c), each party intending to oppose a motion is required to file an opposing memorandum of law no later than fourteen (14) days after service of the motion. S.D. Fla. L.R. 7.1(c). Failure to file a response required under Local Rule 7.1(c) "may be deemed sufficient cause for granting the motion by default." *Id.*

(11th Cir. 1986) (stating that the purpose of the supersedeas bond is to preserve the status quo and protect the rights of the non-appealing party during appeal). Ultimately, "[i]t is within the court's discretion to fashion a security arrangement that protects the rights of both the judgment creditor and the judgment debtor." *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986) (citing *Poplar Grove*, 600 F.2d at 1191).

Here, Marjam seeks approval of a supersedeas bond in the amount of $1,638,054.98, which is 110% of the Final Judgment. Marjam's bond has been approved and executed by Marjam's surety, Westfield Insurance Company. *See* ECF No. [384–1]. Marjam has further indicated that it has complied with Local Rule 7.1 by advising and sharing a copy of the supersedeas bond with Pliteq's counsel.

The undersigned finds that Marjam's posting of its supersedeas bond is authorized and appropriate. A bond in the amount of 110% of the cost amount will ensure that Pliteq will be fully protected against the risk that the Final Judgment would not be satisfied if the Final Judgment is affirmed on appeal. *See Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp.*, 695 F.3d 1215, 1232 (11th Cir. 2012). As such, Marjam's supersedeas bond, approved and executed by Westfield Insurance Company, satisfies the requirements of Federal Rule 62(d) and Local Rule 62.1.

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Marjam's Motion to post supersedeas bond and stay execution of Final Judgment be **GRANTED**. Marjam's proposed supersedeas bond, with Westfield Insurance Company as Marjam's surety, in the amount of $1,638,054.98 should be approved, and this matter should be stayed pending Marjam's appeal to the Eleventh Circuit.

## IV.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **THREE (3) DAYS** of filing this Report and Recommendation.  Given that there has not been a response to the Motion and the time to do so has passed, the undersigned finds that three days is sufficient time for the parties to file their objections.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."   11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 3 day of May, 2021.

JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE